THOMAS, Justice.
The title to certain lands situated in Putnam County was vested in the State under Chapter 18296, Laws of Florida, Acts of 1937, F.S.A. § 192.35 et seq., commonly known as “The Murphy Act.” On 6 September 1952, after duly advertised notice, the clerk of the circuit court sold the property at public auction and accepted a bid from the appellee. On 8 October 1952, the Board of Public Instruction of the county deposited with the clerk sufficient money to reimburse the appellee and telegraphed' the secretary of the Trustees of the Internal Improvement Fund a “protest” against the sale to appellee. The board supposedly adopted a resolution on 7 October 1952, designating the lands a public school site, and requesting the appellants to withdraw them from the market and convey them to the board “without public sale.”
The minutes of the Trustees of 14 October 1952, show that the sale had been reported to that body; that the bid of appellee had been accepted and approved, and that after acceptance and approval of the bid and authorization to execute and deliver a deed conveying the property to the appellee, an attorney appeared on behalf of the Board of Public Instruction and “requested that delivery * * * be withheld pending an application of the Board of Public Instruction to acquire title to the lots authorized to be sold to Mr. Booth [appellee] * * (Italics supplied.)
This action was prompted by the provi-'sibns-of Sec. 1-92.50, Florida Statutes 1951, ;:ánd' F.S.A.. that “The State of- Florida, through the trustees of the internal improvement fund * * * are * * * authorized, empowered and directed to convey to the county of the state wherein such lands are situated, * * * or the county board of public instruction * * * without consideration and without sale, for public purposes, any land the title to which vested in the State of Florida pursuant to chapter 18296,” supra.
The circuit judge decided that the Board of Public Instruction made no effort to exercise its right to acquire the land under Sec. 192.50, supra, until 7 October 1952, and that meanwhile the appellee had become the purchaser, so he entered a judgment that a- peremptory writ of mandamus issue. As the alternative writ had commanded the'.appellants to execute a deed conveying the property in dispute to the ap-pellee, it may ¡be-presumed that the peremptory writ would carry the same command.
At the meeting of the Trustees held 14 October 1952, action on the purchase by ap-pellee and protest by the board was postponed and at an adjourned meeting, 2 December it was decided that the property be conveyed to the county for school purposes, but that' delivery of the deed be delayed for thirty days to allow the appellee to “bring suit and determine if the Trustees have made a legal error * *
Reverting to the resolution of the Board of Public Instruction, we should say why we referred to it as having ‘supposedly’ been adopted on a certain day. We find no reference to such formal action in the minutes of the meeting of the ¡board held October 7th, nor at any other time. Not only does this absence cast doubt on the efficacy of the resolution but, as we have said, the minutes of the meeting of the Trustees show that as late as October 14th the application by the board to acquire the property had not been made.
We come inevitably to the conclusion that regardless of. the failure of the minutes to include any reference to the res’olution and.assuming .it was adopted on the date alleged in the -respondents’ return, still *657 it came too late because the sale to the ap-pellee had already been made in full compliance with law. We think the transaction had reached the stage where it could not be upset despite the high motive of the Trustees to give the public the advantage, for no such preference was then available to the board under the law. We are convinced that the circuit judge ruled correctly in entering judgment for the relator. State ex rel. Wadkins v. Owens, Fla., 62 So. 403.
We will dispose of one other matter before concluding our remarks about this litigation. The appellants pose the question whether the denial by this court of the petition for mandamus in the case of Booth v. Warren involving the same parties and issues, established, the law of the case concerning the proper adoption of the resolution. Appellants seem to take the position that this denial “without prejudice to Relator to institute his action in the Circuit Court * * ■ *, because * ' * * it appears by the record that a factual issue involving third parties” might develop, committed the court to the view that an issue of fact was actually presented in respect of the adoption of the resolution and that, to quote their brief, “the Honorable Judge of the Circuit Court had no right to ignore the order of the Supreme Court * * * to make the -determination [of] fact required to be made by the Supreme Court of Florida.” We understand that appellants, therefore, think our order disposed of all matters except the sole one of proving the resolution and that when the circuit judge heard no testimony on that point he necessarily erred in ruling for the appellee.
There is abundant documentary evidence in the record, even if there is no testimony, to establish all the salient facts. The denial of the petition here without prejudice did not amount to any decision whatever on the law of the' case, as appellants insist.
It is expressly provided in 30 F.S.A. Rule 27(b) of this court that an “Application [for mandamus] raising questions'of fact which will require the taking of testimony to determine will not be entertained.” The rule was adopted because of the difficulty of hearing arid recording testimony in cases of original jurisdiction. ■ In extremely fare instances this court has found it necessary' to have testimony-taken and- has appointed a circuit judge as commissioner for that purpose. To preclude this awkward procedure the court long ago decided that in cases where it appeared that testimony ¿right be required, such applications would be denied without prejudice so a circuit court could hear and determine the matters as a,court of original jurisdiction instead of the circuit 'judges serving in the capacity of commissioners. So when in these circumstances a petition is presented and the litigant receives a denial “without prejudice” he is privileged to apply to the circuit court precisely as if he had riot asked this court to entertain his petition.
The judgment is
Affirined.
SEBRING, MATFIEWS and HOBSON, JJ., concur.
ROBERTS, C. J.,; and TERRELL and .DREW, JJ., dissent;